UNITES STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELLA A. AYISSI | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| KROGER TEXAS, L.P. | § | |
| *Defendant.* | § | JURY DEMAND |

## PLAINTIFF'S ORIGIANAL COMPLAINT

COMES NOW Plaintiff, ANGELLA A. AYISSI, filing this Plaintiff's Original Complaint, complaining of Defendant KROGER TEXAS, L.P., and in support thereof respectfully shows this Court as follows:

### JURISDICTION

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sections 1331, 1343(4) and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. sections 2000e *et seq*. ("Title VII").

2. The unlawful employment practices alleged in this complaint were committed in the Southern District of Texas. Venue is proper.

### PARTIES

3. Plaintiff, ANGELLA A. AYISSI, is an African-American female citizen of the United States of America, and a resident of Texas.

4. Plaintiff amends this Complaint in part to properly name the Defendant. Defendant is KROGER TEXAS, L.P. is an employer within the meaning of Title VII and a company duly qualified to do business in the State of Texas.

## ADMINSTRATIVE PROCEDURES

5. Plaintiff timely filed a Charge of Discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC"), and the Texas Workforce Commission Civil Rights Division ("TWC") on or about January 11, 2018. Plaintiff alleged discrimination based on her race – black, and due to her disability. Plaintiff further alleged retaliation and discrimination based upon her gender. sexual harassment.  A copy of Plaintiff's Charge is attached hereto as *Exhibit 1*.

6. On or about October 28, 2019, Plaintiff received notice of her right to file a civil action from the EEOC.  Plaintiff's files the Original Complaint within 90 days of receipt of that notice.  A copy of the notice is attached as *Exhibit 2*.

**7.** Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.  All administrative remedies have been exhausted.  There are no other laws prohibiting the unlawful employment practices alleged in this complaint under which Plaintiff was obliged to make a complaint or charge

## STATEMENT OF FACTS

8. At the time this claim accrued, Plaintiff Angela Ayissi had been employed with the defendant for over 22 years. Plaintiff Ayissi, began her career with the defendant as a Cashier on or about May 1, 1996.

9. At the end of December 2017 Plaintiff, who was out on leave, heard rumors that she was suspended and possible terminated.

10. By January 11, 2018 it became apparent to Plaintiff that she was no longer an employee of the defendant.

11.     Prior to being terminated, on September 7, 2017, Plaintiff filed an internal grievance alleging unlawful discrimination and harassment.

12.     Subsequent to filing her grievance, on October 14, 2017, Ayissi submitted an application for medical leave, which she had successfully done before, to tend to the health problems she developed as a result of the unlawful discrimination visited upon her by management as she performed her duties as a cashier for the respondent. More specifically the day before, on October 13, 2017, an incident occurred in the defendant's store where Ayissi worked that triggered a severe anxiety attack causing Ayissi to seek medical leave.

13.     For years Ayissi filed complaints and reports asking the defendant to keep her safe from an employee who threatened her safety, but the defendant refused to take any steps to protect Ayissi's safety. On October 13, 2017 the person who Ayissi had previously reported entered the store and approached Ayissi in a menacing manner.

14.     Upon submitting her leave request to her manager Anetter Pompa on October 14, 2017, Pomoa provided Ayissi with incorrect information.

15.     In addition, upon submitting her leave request, unbeknownst to Ayissi at the time, Pompa knowingly withheld documents from Ayissi that would have facilitated Ayissi submitted a complete application in support of her leave request.

16.     At the time of her request Ayissi did not know that management was obligated to provide the employee with certain documents to complete the request for medical leave, therefore Ayissi did not know to request said documents from Pompa.

17.     Thereafter, in November 2017, while Ayissi was still out on leave, Ayissi received correspondence from the defendant directing her to appear in the store where she worked to discuss her leave request with management.

18. Ayissi then timely appeared in the store in November 2017, spoke with Annette Pompa about the correspondence, and Pompa again knowingly failed to provide Ayissi with certain required information and/the documentation complete her leave request. In addition, Pompa failed to document and/or report that Ayissi appeared in the store as directed in the letter to discuss her leave request.

19. At no time during their conversation in the store in November 2017 did Pompa advise Ayissi that if she did work a shift she would be terminated.

20. At that time in November 2017, Ayissi was still an employee of the defendant.

21. As a result of Pompa's failure to provide Ayissi with the documents she was required to provide, Ayissi was ultimately fired from her employment with the defendant.

22. At all times relevant to this complaint Annette Pompa was employed as a supervisor/ manager for defendant and maintained a supervisory role over Plaintiff.

## INCORPORATION OF ALLEGATIONS

23. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## FIRST CLAIM FOR RELIEF
**Unlawful Race Discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq.**

24. The effect of Defendant's actions, as alleged above, denied Plaintiff equal employment opportunities and discriminated against her on the basis of his race and/or color. Plaintiff was fully qualified to perform the duties of a cashier for Defendant. Plaintiff, a black woman, was treated differently than similarly situated persons who were non-black by being subjected to different rules based upon her race and/or color. Other non-black employees were not subject to similar treatment. Plaintiff was subject to such disparate treatment on the basis of her race.

25. Plaintiff, as a black person, was a member of a protected class during her employment with Defendant. Plaintiff was subjected to treatment by Annette Pompa and others that had the effect of unreasonably interfering with Plaintiff's work performance and/or created a hostile or offensive work environment for Plaintiff.

26. Because of such treatment, Plaintiff suffered irreparable injury from Defendant's policies and practices as stated in this petition up to an including termination.

## SECOND CLAIM FOR RELIEF
**Unlawful Retaliation in violation of Section Title VII, 42 U.S.C. § 2000e et seq.**

27. The Defendant's actions, as alleged above, violate Title VII, in that defendant undertook such actions against Plaintiff intentionally because Plaintiff made prior complaints of discrimination, sexual harassment, hostile work environment, and/or retaliation.

28. Plaintiff's opposition to the Defendant's conduct was a proximate cause of damages suffered by Plaintiff. Other non-protected status employees were not subject to similar treatment.

29. Plaintiff was intentionally misled by management and denied required documents and/or otherwise subjected to unlawful retaliation by defendant in violation of Title VII without regard for her statutorily protected rights.

30. Because of such retaliation, Plaintiff has suffered and will continue to suffer irreparable injury from the Defendant's unlawful employment policies and practices as stated in this petition.

31. Plaintiff has suffered and will continue to suffer emotional and mental anguish as a result of Defendant's actions. Defendant committed such action with malice and reckless disregard to Plaintiff's federal statutory rights.

### THIRD CLAIM FOR RELIEF
**Unlawful Discrimination on basis of gender in violation of Section Title VII, 42 U.S.C. § 2000e et seq.**

32. Plaintiff further alleges that she was discriminated against on the basis of her gender, female which had the effect of effect of unreasonably interfering with her work performance and/or created a hostile or offensive work environment for Plaintiff.

33. Plaintiff avers she was intentionally misled by defendant when she requested medical leave and that other non-protected status employees were not subject to similar treatment.

34. Because of Defendant's conduct by and through it agent(s), Annette Pompa Plaintiff has suffered and will continue to suffer irreparable injury from the Defendant's unlawful employment policies and practices as stated in this petition.

35. Plaintiff has suffered and will continue to suffer emotional and mental anguish as a result of Defendant's actions. Defendant committed such action with malice and reckless disregard to Plaintiff's federal statutory rights.

### FOURTH CLAIM FOR RELIEF
**Unlawful Discrimination and Retaliation in Violation of the ADAAA, as amended**

36. Defendant by and through its agent(s),] intentionally engaged in unlawful employment practices involving Plaintiff because of her disability, history of a disability, or perceived disability.

37. By and through its agents Defendant intentionally discriminated against and retaliated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

38.     Plaintiff alleges that Defendant, by and through its agent(s) discriminated against Plaintiff on the basis of a disability, history of a disability, or a perceived disability with malice or with reckless indifference to the protected rights of Plaintiff.

## RESPONDEAT SUPERIOR AND RATIFICATION

39.     Whenever in this complaint it is alleged that the Defendant Kroger did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

1. Declaring that the acts and practices complained of are in violation of Title VII and the Americans with Disabilities Act, as amended, and are against the law;

2. Declaring sufficient remedial relief to make Plaintiff whole for the individual loss she has suffered as a result of the discrimination and retaliation against her as alleged in this complaint including but not limited to:

   (a) Awarding Plaintiff back pay with interest on any back pay awarded;

   (b) Awarding Plaintiff compensatory damages, punitive damages, and such other monetary relief as may be deemed appropriate in amounts to be determined at trial;

   (c) Awarding Plaintiff prejudgment interest to the maximum extent permitted by law;

   (d) Awarding Plaintiff the cost of this action together with expert witness fees and reasonable attorney's fees;

3. Directing Defendant to pay Plaintiff damages for her mental anguish as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limitations of the law;

4. Other appropriate nondiscriminatory measures to overcome the effects of the discrimination alleged in this complaint;

5. Plaintiff prays for such additional relief to which she is entitled under the law; and

6. Plaintiff prays for such additional relief as justice may require.

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully Submitted,

THE TACKETT FIRM, PLLC

By_____
Deshonda P. Charles
Texas Bar No. 24053502
Federal ID. No. 641900
4412 Stanford Street, Suite 1
Houston, Texas 77006
Telephone (713) 993-7310
Facsimile (713) 533-0303
dcharles@thetackettfirm.com
ATTORNEY FOR PLAINTIFF
ANGELLA A. AYISSI